**SIGNED THIS: February 01, 2010**

                                                **GERALD D. FINES**
                                    **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                           )
                                                 )
JOHN H. DAVIS,                                   ) Bankruptcy Case No. 09-92106
                                                 )
            Debtor.                              )

OPINION

    This matter having come before the Court on a Motion to Hold Creditor in Contempt filed by the Debtor, and Response to Hold Creditor in Contempt filed by Creditor, J P Autos, Inc., d/b/a Premier Motors; the Court, having heard sworn testimony and arguments of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

    This matter is governed by 11 U.S.C. § 362(k)(1), which states:

> (k)   (1)   Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A violation is willful when a creditor acts intentionally with knowledge of the automatic stay or, more generally, the bankruptcy filing. In re Betts, 165 B.R. 233 (Bankr. N.D. Ill. 1994); Mercer v. D.E.F., Inc., 48 B.R. 562 (Bankr. D. Minn. 1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay. In re Wagner, 74 B.R. 898, at 904 (Bankr. E.D. Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows of the bankruptcy and engages in conduct that is a violation of the stay. In re Littke, 105 B.R. 905, at 910 (Bankr. N.D. Ind. 1989). However, a Court will not impose sanctions under § 362(k) (formerly § 362(h)) when there has been a mere technical violation of the stay or where it can be found that the creditor has acted in good faith. In re Zunich, 88 B.R. 721 (Bankr. W.D. Pa. 1988). A willful violation of the stay does not require a specific intent to violate the stay, rather the Bankruptcy Code provides for damages upon a finding that the creditor has notice of the stay and the creditor's actions were intentional in and of themselves. In re Welch, 296 B.R. 170 (Bankr. C.D. Ill. 2003).

In considering the testimony at hearing in the instant case, the Court found that the Debtor was a credible witness. The Debtor filed a *pro se* Chapter 7 bankruptcy petition on October 5, 2009, and he scheduled Creditor, MPP Financial (which is an entity related to and doing business at the same address as J P Autos, Inc., d/b/a Premier Motors), on Schedule D. The Debtor testified that he gave notice by telephone to the Creditor at the time he filed Chapter 7 and again on December 22, 2009, by letter which he sent to the Creditor in response to the Creditor's repossession of his 2000 Chrysler 300M on or about December 16, 2009.

It is the Debtor's position that the Creditor herein has violated the automatic stay by repossessing his vehicle after his Chapter 7 petition date. As relief for that stay violation, he seeks monetary sanctions against the Creditor and return of his vehicle. Pursuant to In re Edwards, 901 F.2d 1383 (7th Cir. 1990), in order to be restored to possession of the subject vehicle, the Debtor must either reaffirm his obligation with the Creditor or redeem the vehicle by a cash payment for its value. The uncontroverted facts in this matter indicate that the Debtor is

not in the position to do either, as the Debtor has no income or assets and no vehicle insurance, and, as such, cannot convince the Creditor to enter into a reaffirmation agreement.  Pursuant to Edwards, supra, the Creditor cannot be forced to accept a reaffirmation.  As such, the Creditor is entitled to retain possession of the vehicle at this time.

As for the Debtor's request that the Creditor be sanctioned, pursuant to 11 U.S.C. § 362(k), for a willful violation of the automatic stay, the Court finds that there has been a willful violation in that the credible evidence reveals that the Creditor had actual notice of the Debtor's Chapter 7 bankruptcy filing prior to the date of repossession.  As a result of the repossession, it is clear that the Debtor has been inconvenienced by not only his loss of use of the subject vehicle, but in the time and effort required to enforce the automatic stay.  Under these facts, the Court finds that a sanction in the amount of $400 is appropriate to compensate the Debtor for his inconvenience, time, and effort.

###